ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DONALD MACK BENNETT,

        Plaintiff,

    -v-

LT. HEARLE,

        Defendant.

--------------------------------------------------------x

No. 04 Civ. 5086 (LTS)(THK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 3 2007

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Donald Mack Bennett commenced this action pursuant to 42 U.S.C. §

1983 on June 28, 2004, with the filing of a complaint alleging that he suffered the use of excessive

force and the unconstitutional denial of medical treatment in connection with his arrest and

detention on December 28, 2001.[1]  Familiarity with the rather lengthy procedural history of the this

case is presumed.  See March 17, 2006 Order (docket entry # 33.)

Defendant Detective Lt. Christopher Hearle, who is the sole remaining Defendant in

this matter, moves for summary judgment. He makes three primary arguments in support of this

motion. First, he argues that he was not even on duty at the time that Plaintiff was arrested, and

had no involvement in the arrest.  Second, he argues that, in any event, there is no evidence of

excessive force.  Third, he argues that he is protected by qualified immunity.

Summary judgment shall be granted when the pleadings, depositions, answers to

---

[1]     The original complaint (Docket entry #2) alleged that the arrest took place on
December 28, 2002, but Plaintiff's subsequent amended pleadings consistently place
the arrest on December 28, 2001, and defendants do not dispute the 2001 date.

Copies mailed Pro Se Pltf. + Def. cansel
Chambers of Judge Swain  7. 20. 07

interrogatories, admissions on file, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In opposing the motion, the nonmoving party may not rest on mere allegations of contested facts, but must "set forth specific facts showing that there is a genuine issue." Fed. R. Civ. P. 56(e). The facts will be viewed in the light most favorable to the party opposing the motion, and all reasonable inferences shall be drawn on the nonmovant's behalf. American Cas. Co., 42 F.3d at 728. However, "[c]onclusory allegations, conjecture and speculation" do not establish a genuine issue of fact. Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998). Summary judgment is not appropriate if there are disputes about material facts "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see Rattner v. Netburn, 930 F.2d 204, 209 (2d Cir. 1991).

Here, the sole remaining Defendant, Lt. Hearle, has put forward uncontroverted evidence (including an affidavit from Lt. Hearle, the New Rochelle Police Department's Master Duty Log from the day Plaintiff was arrested, Lt. Hearle's duty calendar, and copies of Plaintiff's incident report and booking sheet) that establishes that he was not on duty at the time of, or in any way involved with, the Plaintiff's arrest. Plaintiff's opposition to this motion (styled as a "reply affidavit") does not contest the assertion that Lt. Hearle was not involved in Plaintiff's arrest. Indeed, Plaintiff apparently attempted to make a motion to withdraw Lt. Hearle as a Defendant at one point, stating that he didn't want to perjure himself. A copy of this motion, which was never docketed, is attached to Defendants' moving papers as Exhibit H. It appears from the "cc" at the bottom that he attempted to submit it to the Pro Se clerk and presumably would have wanted it to

be filed, but he used the wrong docket number and it was not docketed.[2]

To maintain an action against a state employee, a § 1983 plaintiff must present evidence of defendant's personal involvement in the deprivation of the constitutional right. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Because the undisputed facts establish that Defendant Hearle was not present at the relevant time and there is no evidence suggesting that he was involved in the alleged violation of Plaintiff's rights in any way, Defendant Hearle is entitled as a matter of law to judgment dismissing Plaintiff's claims against him.

Because the complaint is dismissed as against the sole remaining Defendant in this matter, the Clerk of Court is respectfully requested to close this case and enter judgment in favor of Defendants dismissing the action for the foregoing reasons, and for the reasons stated in the Court's March 17, 2006, Order.

SO ORDERED.

Dated: New York, New York
July 20, 2007

LAURA TAYLOR SWAIN
United States District Judge

---

[2]     To the extent that Plaintiff's undocketed motion to withdraw Lt. Hearle and another Defendant is also a request to amend and enter 2 John Doe Defendants in their place, it is denied. Since bringing this Complaint in June of 2004, Plaintiff has been granted multiple opportunities to amend his pleadings, and has done so several times. Another opportunity to amend at this late stage in the proceedings is not merited, particularly since Plaintiff has proffered no facts indicating that he has a viable cause of action against any identifiable individual.